Filed 10/24/14  P. v. Pena C3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C072266 |
| Plaintiff and Respondent, | (Super. Ct. No. MF031224A) |
| v. | |
| MARIO MARTINEZ PENA, | |
| Defendant and Appellant. | |

This case comes to us on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, which requires us to review the entire appellate record to determine whether there are any arguable issues that might result in a more favorable outcome for defendant.  For reasons to follow, we conclude the appeal must be dismissed.

**PROCEDURAL HISTORY**

Defendant Mario Martinez Pena was charged in San Joaquin County case No. MF031224A with child abuse resulting in death (Pen. Code, § 273ab),[1] child

---

[1] Undesignated statutory references are to the Penal Code.

1

abuse/endangerment with a special allegation of death (§§ 273a, subd. (a), 12022.95), and corporal injury to a child with an enhancement for great bodily injury (§§ 273d, subd. (a), 12022.7, subd. (d)).[2]

On October 23, 2009, in defendant's presence, a jury was impaneled and sworn to try his case and the matter was continued to October 27. On October 27, defendant failed to appear and the matter was continued to October 28, upon which date defendant again failed to appear. The court determined defendant had voluntarily absented himself and proceeded with the trial.

On November 4, 2009, the jury found defendant guilty on all counts and found true all enhancement allegations. That same date, the court sentenced defendant to 25 years to life on count 1 and to determinate terms on counts 2 and 3, but stayed those terms pursuant to section 654.

On November 5, 2009, defendant's trial counsel filed a notice of appeal on defendant's behalf. However, because defendant remained a fugitive, no appellate attorney was appointed and on May 18, 2010, we dismissed the appeal. On July 20, 2010, we issued the remittitur.

On September 14, 2012, defendant was apprehended in Mexico. On October 15, 2012, defendant appeared with his original trial counsel for a hearing in the San Joaquin County Superior Court regarding potential resentencing of defendant. Counsel represented that he had nothing to offer with regard to the court's jurisdiction to resentence defendant. The court concluded it lacked jurisdiction to resentence defendant and remanded him to serve his previously imposed prison sentence.

Defendant filed a notice of appeal from the court's refusal to resentence him, which has given rise to the appeal in this case. In his opening brief, defendant maintains

---

[2] We take judicial notice of our records in an earlier case. (*People v. Pena* (May 18, 2010, C063509) [app. dism. by order].) (Evid. Code, § 452, subd. (d).)

2

that "[the present] appeal . . . is authorized by California Rules of Court, Rule 8.304, subdivision (b)." However, the cited section is not applicable as it governs appeals following a plea of guilty or nolo contendere, or an admission of a probation violation, and defendant's guilt was the result of a jury trial. Nor could we construe the appeal as coming under section 1237, subdivision (b)–a motion made after judgment affecting the substantial rights of the defendant–because defendant had no right whatsoever to be resentenced in the circumstances of this case. Accordingly, we shall dismiss the appeal.

**DISPOSITION**

The appeal is dismissed.


                                                                  RAYE                , P. J.



We concur:



        NICHOLSON        , J.



        ROBIE              , J.



3